NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2671
_____

SHEILA JACKSON,
Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-19-cv-00760)
District Judge: Honorable John M. Younge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 21, 2022
_____

Before: GREENAWAY, JR., MATEY and ROTH, *Circuit Judges*.

(Opinion Filed: January 17, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Sheila Jackson, an employee of the Southeastern Pennsylvania Transportation Authority ("SEPTA"), claimed that SEPTA violated her rights under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").[1] Concluding that no genuine disputes of material fact existed,[2] the District Court granted SEPTA's motion for summary judgment. Integral to that decision was the District Court's conclusion that Jackson's declaration submitted in support of her opposition to the motion for summary judgment was self-serving and not supported by any facts. On appeal, Jackson challenges only that conclusion, asserting it is the lynchpin upon which the District Court's decision rests.[3] For the reasons set forth below, we will affirm the order of the District Court.

As an initial matter, we note that, during argument before the District Court, Jackson's counsel admitted that he had not engaged in any discovery and that he did not

---

[1] Jackson also brought claims pursuant to the Philadelphia Fair Practices Ordinance, but she agreed to dismissal of all of these claims.

[2] Both the District Court and the parties stated that summary judgment is appropriate when there is no issue of material fact. However, Fed. R. Civ. P. 56 was amended and now uses the phrase "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

[3] Jackson only challenges the District Court's conclusion that her declaration was self-serving. Since we agree with the District Court on that issue, we need not reach the substance of the District Court's thorough opinion analyzing the ADA and PHRA claims. Specifically, since we find the declaration to be self-serving, Jackson has failed to establish a prima facie case under the familiar *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

have any evidence to support Jackson's declaration. Although these admissions seriously undermine counsel's arguments on appeal, we do not rely solely on them in reaching our decision to affirm.

## A. Facts/Background

Jackson began working as a bus driver for SEPTA on April 25, 2011. As a bus driver, Jackson was a member of the Transport Workers Union of Philadelphia Local 234 ("Union"). The Union had a collective bargaining agreement ("CBA") with SEPTA that governed many of the terms and conditions of its members' employment.

On October 1, 2015, Jackson left work to go to the hospital due to a severe headache. She was diagnosed with three cerebral aneurysms. Surgery during the month of October eliminated two of the three aneurysms.

On December 7, 2015, SEPTA concluded Jackson was medically disqualified from operating a bus due to the remaining, untreated aneurysm. At that time, Jackson requested a reasonable accommodation in the form of an alternate duty position.

The CBA governed how SEPTA could handle this request. Pursuant to the CBA, alternate duty positions were available for medically disqualified employees. A medically disqualified employee is someone who "cannot return to his or her former permanently budgeted position with [SEPTA], as determined by [SEPTA's] Medical Director." App. 191. "Employees who become Medically Disqualified will be placed on

the MD List[4] while awaiting assignment to an Alternate Duty Position." App. 192. "When Alternate Duty Positions are to be filled from the MD List, three (3) IOD[5] employees will be placed for every one (1) sick employee who is placed. Subject to the foregoing, the most senior IOD or sick employee on the MD List who possesses the requisite skills and is medically capable of performing the job will be offered the vacant position." *Id.*

As required by the CBA, Jackson was placed on the MD List on December 7, 2015. Christopher Terranova, SEPTA's Manager of Vocational Rehabilitation, met with Jackson on December 7, 2015, to discuss alternate duty positions and to inform her of her placement on the MD List. SEPTA provided the District Court with multiple copies of the MD List, showing Jackson's name in order of seniority. The MD Lists covered the period from December 18, 2015, through December 1, 2016.

Jackson's third aneurysm was removed in April 2016. Although Jackson obtained a note from her treating physician stating she was cleared for work on May 12, 2016, SEPTA did not allow her to return as a bus driver based on a decision by SEPTA's Medical Director. The Medical Director based his decision on "federal law, safety

---

[4] The MD List is "[t]he list of Medically Disqualified employees awaiting assignment to a permanently budgeted Alternate Duty Position." App. 191.

[5] While IOD is not defined in the part of the CBA provided to the Court, other CBAs define IOD as injury-on-duty. *See also* App. 184 (referring to "injuries which one received while on duty").

4

recommendations from the Federal Motor Carrier Safety Administration, and advisory literature." App. 169. These sources required a six-month waiting period in order "to ensure that she did not experience symptoms that would adversely affect her driving and thereby imperil the safety of Ms. Jackson and members of the public." App. 169. Instead, SEPTA extended her sick leave to October 15, 2016. By letter dated June 13, 2016, Jacqueline Hopkins, SEPTA's Director of Equal Employment Opportunity, Affirmative Action, and Employee Relations, notified Jackson of the extension of her sick leave. The letter also instructed Jackson to "contact SEPTA Medical to schedule an appointment with them one week prior to [October 15, 2016] and have updated records from your treating physician." App. 220.

Jackson did not provide updated medical information by October 15, 2016. At some point after the October 15, 2016, deadline, she submitted a note from her treating physician, dated October 27, 2016. Since she had failed to submit the updated medical information in a timely manner, she was dropped from SEPTA's employment rolls, in accordance with the terms of the CBA. As also required by the CBA, she was added to the priority recall list. On December 13, 2016, Jackson's seniority and an available position aligned. She was assigned to an alternate duty cashier position. She began work in this new position in January 2017.

Dissatisfied with this outcome, Jackson filed a complaint against SEPTA, raising claims of discrimination and retaliation under the ADA, the PHRA, and the Philadelphia Fair Practices Ordinance. The District Court initially denied SEPTA's motion for

5

summary judgment, finding that disputes of material fact existed. SEPTA moved for reconsideration. After oral argument, the District Court granted the motion for reconsideration and entered summary judgment in SEPTA's favor. Integral to the District Court's decision was its conclusion that Jackson's declaration, submitted in opposition to the motion for summary judgment, was self-serving and did not create a genuine dispute as to a material fact.

On appeal, Jackson argues that her "declaration does not contain self-serving, conclusory allegations, but is replete with facts and dates, and identifies the same individuals who submitted declarations in their own right on behalf of SEPTA." Appellant's Br. 11. She further argues that even if her declaration is self-serving, it suffices to defeat summary judgment because it is "based on [her] personal knowledge and directed at a material issue" and "is supported by the evidence." *Id.* at 22-23 (quoting *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 189 (3d Cir. 2011)).

## B. Discussion[6]

"We exercise plenary review over a district court's order granting summary judgment." *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 317 (3d Cir. 2014).

We are faced with one question—whether the District Court erred in finding Jackson's declaration was self-serving and thus insufficient to create a genuine dispute as

---

[6] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

to a material fact. "It is true that 'conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.'" *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (quoting *Blair v. Scott Specialty Glass*, 283 F.3d 595, 608 (3d Cir. 2002)). On the other hand, "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment." *Lupyan*, 761 F.3d at 320.

All of the statements from her declaration upon which Jackson relies in her effort to create a factual dispute are either conclusory, contrary to the facts, or not material to the issues presented. For example, Jackson insists she was never placed on the MD List, but instead was included in the sick book. Not only are SEPTA's business practices beyond Jackson's personal knowledge, but the numerous copies of the MD List submitted by SEPTA clearly demonstrate she was placed on that list as required by the CBA. Similarly, Jackson's efforts to create a factual dispute based on her claim of repeatedly contacting various SEPTA officials during her sick leave also fall short. Since SEPTA had, pursuant to the CBA, taken all necessary steps to ensure she was placed in an alternate duty position, the number of phone calls she made is not material or relevant.

In addition, Jackson, relying on her declaration, argues that people with less seniority were assigned alternate duty positions ahead of her. As we stated at the outset of this opinion, counsel admitted that he did not have any evidence to support the statements in Jackson's declaration. Specifically, he stated that "we did not present evidence that someone, who, with less seniority, was placed ahead of her other that my

7

client --- other than my client's declaration which does say that." App. 444. That admission, when considered in light of SEPTA's submission of the MD Lists showing seniority of the employees seeking alternate duty positions, eviscerates Jackson's argument.

## C.  Conclusion

Since Jackson's declaration does not satisfy any of the exceptions for use of a self-serving affidavit in opposition to summary judgment, we will affirm the order of the District Court.